IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 APR -5 AM 10: 39

U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**

| | |
|---|---|
| JANICE M. DUMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TYSON FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

Civil Action No.   APR 5   2001

93-C-2688-S

## MEMORANDUM OPINION GRANTING ATTORNEYS' FEES AND EXPENSES

This case started in December of 1993. It was tried for five days in October-November of 1995. Plaintiff prevailed at trial. Defendant's appeal and Plaintiff's cross-appeal to the Eleventh Circuit were unsuccessful.

The case has been hotly contested, from beginning to end. Several motions for sanctions have been filed. At one point, Defendant sought to depose Plaintiff's attorneys. Defendant unsuccessfully sought a writ of mandamus against the judge. Counsel for both parties have at times unreasonably pursued or resisted discovery.

The Court held a hearing on Plaintiff's application for attorneys' fees in April of 1998, and partial attorneys' fees were awarded at that time. In this Opinion, the Court disposes of the remaining aspects of the attorneys' fees application.

### I. Plaintiff's Efforts and Success

Brought and maintained by the then-discharged Plaintiff individually, had this case been

certified as a class action, it could not have been more beneficial to Defendant's female workforce. At trial, Plaintiff exposed outrageous conduct directed at female workers by male workers and supervisors in the workplace at Defendant's chicken plant in Blountsville, Alabama. The jury was so moved by the reprehensibility of the workplace atmosphere that it returned a punitive damage award of $8,000,000 against Defendant. Plaintiff individually obtained all the relief that she could legally and equitably obtain under 42 U.S.C. § 2000e *et seq.* ("Title VII") - reinstatement, $323,000 in compensatory and punitive damages.   On November 3, 1995, Defendant, its " managers, supervisors, employees, and those in active concert and participation with them [were] PERMANENTLY ENJOINED from maintaining the existence of a sexually hostile work environment for the female employees...." (Fin. Judgmt. & Perm. Inj. at 1.)

But before the ink was dry on the first Injunction, Defendant began retaliating against some of Plaintiff's trial witnesses. Plaintiff's counsel was obliged to file a Motion for an Order to Show Cause. On November 8, 1995, the Court held an evidentiary hearing on Plaintiff's Show Cause Motion.

Based on the evidence adduced at the Show Cause hearing, the Court issued, on the same day, an Anti-Retaliation Injunction against Defendant, permanently enjoining it from retaliating against Plaintiff and other employees because of their "direct or indirect support of plaintiff's position in this case or their opposition to perceived unlawful employment practices based on sex at [Defendant]'s Blountsville Plant." (Anti-Retaliation Inj. at 1.) Defendant was ordered to post the following Notice at each of the time clocks, bulletin boards, management offices, break rooms, and eating facilities of the Blountsville facility. Because the Notice is fairly descriptive of what this lawsuit was about and what it achieved, the Notice is reproduced here:

2

In 1993, a former worker of the Company, Ms. Janice Dumas, filed a lawsuit claiming that the workplace here at Tyson is unfair, insulting, embarrassing, disrespectful, and humiliating for the female workers. This is what is known in law as a claim of a "sexually hostile work environment." A sexually hostile work environment is unlawful. The case was tried by a federal court jury in Birmingham in November 1995.

Mrs. Dumas won the case.

Federal Judge U.W. Clemon has now issued a court order telling the Company to stop and discontinue any actions that discriminate against women on the basis of sex. This means that in the future, the men workers and supervisors must treat the women workers just as they would want their mothers and sisters to be treated on a job. If Tyson does not follow the court order, it will be held in contempt of court and it may be exposed to a heavy fine or its managers may be sent to jail.

From now on, **ANY MALE SUPERVISOR OR EMPLOYEE WHO SUBJECTS A FEMALE WORKER TO SEXUAL HARASSMENT IN THE WORKPLACE** (including production lines, break rooms, cafeteria, restrooms) **WHETHER BY WORDS** (such as "bitch," "whore," "sweetheart," or "darling") **OR CONDUCT** (such as touching a woman's body, embracing her, kissing her, exposing his private parts, simulating a sex act by use of chicken parts or otherwise) **WILL BE PROMPTLY REPRIMANDED, SUSPENDED, AND/OR FIRED.** Any such supervisor or employee may also be held in contempt.

Also, **THE COMPANY WILL PROMPTLY REPRIMAND, SUSPEND, OR FIRE ANY EMPLOYEE, MALE OR FEMALE, WHO THREATENS, ABUSES, OR INTIMIDATES AN EMPLOYEE WHO EITHER TESTIFIED FOR MRS. DUMAS OR SUPPORTED HER CASE.** It is unlawful and a violation of the court order to retaliate against anyone because he or she helped another person on a sex discrimination claim.

\* \* \*

**THE COMPANY ENCOURAGES ANY FEMALE WORKER WHO FEELS THAT SHE HAS BEEN HARASSED, RETALIATED OR OTHERWISE DISCRIMINATED AGAINST BECAUSE OF HER SEX, OR ANYONE WHO IS A WITNESS TO SEXUAL HARASSMENT OR DISCRIMINATION TO MAKE A COMPLAINT DIRECTLY TO THE PLANT MANAGER OR SHIFT MANAGER.**

**NO ONE WILL BE TREATED DIFFERENTLY BECAUSE HE OR
SHE HAS MADE SUCH A COMPLAINT.**

*Id.*

Thus, this litigation achieved all the relief that the law provides in terms of transforming

Defendant's pervasive sexually hostile work environment into one which accords respect to the basic

humanity of its female workers.

## II. Reasonable Hourly Rates

Alicia Haynes has practiced law in the Northern District of Alabama since 1987,  specializing

in employment cases.  If Haynes had been retained to represent a Title VII defendant in 1998, she

would have billed at an hourly rate of $175-190.   Because she worked on a contingency basis and

achieved significant results, the Court finds that a reasonable hourly rate for her is $215, in light of

similar awards made by this judge in similar cases.

Larry Mann has practiced in the Northern District of Alabama since 1992.  Before entering

private practice, he had worked for a decade in a paralegal capacity with two law firms specializing

in plaintiffs' cases. As co-counsel with Haynes, he successfully represented a plaintiff in another

employment case in this Court, which resulted in a jury verdict of $887,000.  If Mann had been

retained to represent a Title VII defendant in 1998, he would have billed at $150 -160 hourly.  The

contingency of  his fee arrangement, similar awards by this judge, and success factors of *Johnson*

*v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), justify an upward adjustment of his

hourly rate to $190.

Attorneys' travel time should be compensated at an hourly rate of $100.

Elizabeth R. Jones has practiced law for nearly two decades.  She specializes in appellate

4

work.  Rejecting out of hand Defendant's contention that she should be compensated at the rate of $100 hourly, (Def. Obj. to Pla.'s App, for Attys Fees, at 25),  the Court finds that a reasonable hourly rate for her services is $225.

Wendy Nix Thornton was a third-year law student in Alicia Haynes' firm when she provided services in this case as a Title VII litigation assistant, effectively a paralegal.  A reasonable hourly rate for her services is $30.

Beth Gann is a paralegal in Alicia Haynes' office, having received her baccalaureate degree in paralegal studies from Samford University.  Before her employment by Haynes & Haynes, she worked at two of the major law firms in the Northern District of Alabama.  The Court finds that a reasonable hourly rate for her services is $60.

III. Hours Reasonably Expended

Presumably after exercising their billing judgment, counsel for Defendant billed their client for 3,662.87 hours for representation in this case.  Plaintiff's attorneys have sworn to the Court that they have reasonably expended 4,121 hours in the successful prosecution of this case.  On its face, the number of hours claimed by Plaintiff's counsel is not unreasonable.  After all, as a general proposition, it takes more effort to win than it takes to lose.  Nonetheless, the Court has carefully considered each of Defendant's myriad objections.  Upon such deliberate consideration, the Court's conscience is soothed, rather than shocked.  *Cf. Fair Housing Council of Greater Washington v. Landow,* 999 F.2d 92 (4th Cir. 1993); *Lewis v. Kendrick,* 944 F.2d 949 (1st Cir. 1991); *Brown v. Stackler,* 612 F.2d 1057 (7th Cir. 1980).

As reflected in Attachment "A," the Court has in part sustained the Defendant's objections and reduced the claimed hours, which in the Court's "Monday morning quarterbacking," appear to

5

be redundant, excessive, or inadequately documented or explained. It has disallowed the hours that were exclusively expended in pressing Plaintiff's claim against Defendant Brumblow in his individual capacity and the state law claims. It has disallowed the time expended on Plaintiff's unemployment compensation claim. It has disallowed the hours claimed for Title VII seminars. It has disallowed the hours attributable to the failure of Plaintiff's counsel to initially comply with the page limitations of the Eleventh Circuit. Moreover, it has reduced the time allocable to Plaintiff's unsuccessful cross-appeal. As a result, the Court has reduced the total hours claimed to a number below that expended by Defendant's counsel - so that in this case, the Court finds that it took fewer hours to win than it took to lose.

Defendant makes too much of Plaintiff's state law claims. All of the evidence heard by the jury on the state law claims was entirely relevant to the Title VII claim of a hostile work environment. If Defendant's supervisor Jimmy Brumblow had not been sued by Plaintiff for violations of the laws of Alabama in this case, Plaintiff would have offered to the jury his same uncivilized conduct which contributed substantially to an unbelievably hostile work environment for female employees at Tyson. It was a "same evidence anyway" presentation, with or without the state law claims and the individual claims against Jimmy Blumblow. The same operative facts were involved. *See Davis v. Locke,* 936 F.2d 1208, 1214 (11th Cir. 1991).

Defendant also overlooks that while several of Plaintiff's witnesses had separate claims, the evidence that they presented at the trial of this case bore directly on the existence *vel non* of a sexually hostile work environment. It is completely irrelevant that subsequently they may have used some of this evidence in their individual cases against Defendant.

Alicia Haynes has claimed 2057.6 hours in this case. Based on Defendant's objections, the

6

Court has disallowed 85.50 of her claimed hours, and it has disallowed 35 hours (travel time) at the lodestar rate. *See* Attachment "A" at 10, *infra*. It has disallowed a fourth (61 hours) of her appellate hours based on the unsuccessful cross-appeal. The Court will credit an additional four hours for her preparation and participation at the hearing on attorneys' fees. The Court finds that she has reasonably expended 1880.10 regular hours in the prosecution of this case, and that she has expended 35 hours of travel time.

Larry Mann claims a total of 1651.5 hours in this case. Based on Defendant's objections, the Court has disallowed 447.45 of those hours. *Id.* It has disallowed another 35 of those hours (travel hours) at the lodestar rate. It has disallowed 3.75 of his appellate hours as duplicative or unsatisfactorily explained, and it reduced his appellate hours by a fourth (40 hours) because of the cross-appeal. The Court will credit an additional four hours for his preparation for and participation in the hearing on attorneys' fees. The Court finds that he has reasonably expended 1129.30 regular hours in the prosecution of this case and that he has expended 35 hours in travel time.

Wendy Nix claims 265.95 hours in this case. The Court has disallowed 9.50 of those hours, based on Defendant's well-founded objections. *Id.* She is entitled to 256.45 hours.

Elizabeth Jones claims 147 hours for her trial and appellate work in this case. Based on Defendant's objections, the Court has disallowed 5 hours (state law claims) of her claimed time in the district court; 11.75 of her appellate hours (re-editing the appellate brief to conform to the Appellate Rules); and another 27.5 hours (for time allocable to the cross-appeal). She is allowed 102.7 hours for her work in this case.

Alicia Haynes claims 694.5 hours for her paralegal, Beth Gann. The Court finds merit in Defendant's objections to 16.90 of those hours. The Court finds that Gann reasonably expended

7

677.60 hours of paralegal service.

At the conclusion of the attorneys' fee hearing in April of 1998, based on the number of hours stipulated by Defendants, Alicia Haynes was paid $175,000 and Larry Mann $125,000 by Defendant, pursuant to the order of the Court.

In summary, the Court finds 3314.80 hours to have been reasonably expended in the prosecution of this case, allocated as follows:

Alicia Haynes...............................1880.10 regular hours plus 35 hours travel time
Larry Mann....................................1129.30 regular hours plus 35 hours travel time
Elizabeth Jones................................102.7 regular hours

The Court finds that Beth Gann reasonably expended 6777.60 hours and that Wendy Nix Thornton reasonably expended 256.45 hours in assisting the Plaintiff's lawyers.

### IV. Interest/Enhancement For Delay

Plaintiff's counsel are entitled to a reasonable rate of interest on the attorneys' fees that are owed to them. Defendant has had actual use of the principal sum since April of 1997 and/or the opportunity of earning a reasonable rate of interest on it. The Court finds that a 7% compound interest rate should be utilized - resulting in a 22% enhancement.

### V. Costs

Plaintiff seeks $34,206.37 in her Bill of Costs. The Court has disallowed many of the items. *See* Attachment "B" at 41 *infra*.

The Court allows witness fees for all summoned witnesses, regardless of whether they actually testified at trial. It approves the claim for enlargements ("blow-ups") of exhibits used at trial. It allows for the copying costs of papers necessarily obtained for use in the case, but it disallows the copying costs of general filed pleadings, such as Plaintiff's Proposed Rule 26

8

Disclosures.  It approves the deposition expenses for deponents who testified at trial;  it disallows them for deponents who did not testify at trial.  It approves Mark McKnight's fee for obtaining the order quashing deposition notices served on Plaintiff's counsel.  It approves Plaintiff's counsel's mediation expenses.  It allows the costs for service of subpoenas on witnesses who would not produce or accept service.  The Court disallows the expert witness fee, the filing fee for cross-appeal, and the Westlaw research fee.

The Court concludes that costs in the amount of $23,508.35 should be taxed against Defendant.

Conclusion

By separate order, the findings incorporated in this Memorandum Opinion will be embodied in a Final Judgment Awarding Attorneys' Fees and Costs.

Done this _5th_ day of April,  2001.

Chief United States District Judge
U.W. Clemon

9

**Attachment "A"**
## DISPOSITION OF DEFENDANTS' OBJECTIONS
## TO HOURS CLAIMED

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 10/20/93 | Haynes | 2.75 | S | 1.75 | Duplicative/Redundant |
| 11/17/93 | Mann | 3.25 | S | 1.25 | Duplicative/Redundant |
| 11/18/93 | Haynes | 3.00 | S | 2.00 | Unrelated - state law claims |
| 12/01/93 | Haynes | 5.75 | | 1.90 | Unrelated - state law claims |
| 12/02/93 | Haynes | 4.00 | | 1.30 | Excessive - Bromblow claim |
| 12/15/93 | Haynes | 4.75 | S | 2.75 | Excessive - Bromblow claim |
| 12/15/93 | Mann | 4.75 | S | 2.00 | Duplicative/Redundant |
| 01/07/94 | Haynes | 3.00 | S | 1.50 | Duplicative/Redundant |
| 01/07/94 | Haynes | 2.00 | O | 2.00 | |
| 01/18/94 | Haynes | 2.25 | S | 1.25 | Excessive |
| 01/21/94 | Haynes | 1.75 | S | 1.25 | Excessive- Bromblow claims |
| 02/01/94 | Mann | 1.00 | S | .3 | Excessive-Bromblow claims |
| 02/01/94 | Mann | 1.50 | S | 0 | Excessive-Bromblow claims |
| 02/01/94 | Mann | .50 | S | 0 | Inadequate Description |
| 02/05/94 | Mann | 1.50 | S | 0 | Inadequate Description |
| 02/10/94 | Mann | .50 | S | 0 | Duplicative/Redundant |
| 02/14/94 | Haynes | 1.00 | | .30 | Excessive-Bromblow claims |
| 02/14/94 | Haynes | .50 | O | .50 | |
| 02/18/94 | Haynes | 1.00 | S | 0 | Duplicative/Redundant |
| 03/03/94 | Mann | 1.00 | S | .50 | Excessive-Bromblow claims |
| 03/08/94 | Mann | .50 | 0 | .50 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 03/08/94 | Haynes | 5.75 | 0 | 5.75 | |
| 03/13/94 | Mann | 3.25 | S | 2.0 | Duplicative/Redundant |
| 03/14/94 | Mann | 3.50 | O | 3.50 | |
| 03/18/94 | Mann | .50 | O | .50 | |
| 03/18/94 | Mann | 2.00 | S | 0 | Inadequate Description |
| 03/21/94 | Mann | 5.75 | S | 3.0 | Duplicative/Redundant |
| 03/21/94 | Haynes | 5.75 | S | 0 | Unrelated |
| 03/22/94 | Gann | 1.50 | O | 1.50 | |
| 03/27/94 | Mann | 1.25 | S | .75 | Duplicative/Redundant |
| 03/28/94 | Mann | 2.00 | O | 2.00 | |
| 03/28/94 | Haynes | 3.00 | O | 3.00 | |
| 03/29/94 | Mann | 3.25 | S | 1.0 | Excessive/Inadequate Description |
| 03/30/94 | Mann | 2.00 | S | 0 | Excessive/Inadequate Description |
| 03/30/94 | Haynes | 2.00 | O | 2.00 | |
| 03/31/94 | Gann | 2.00 | O | 2.00 | |
| 04/01/94 | Mann | .25 | O | .25 | |
| 04/04/94 | Mann | 5.00 | S | 2.0 | Excessive/Duplicative/ Redundant |
| 04/05/94 | Haynes | .50 | | 0 | Excessive-Brumblow claims |
| 04/05/94 | Mann | 5.00 | S | 0 | Inadequate Description Duplicative/Redundant |
| 04/06/94 | Mann | 2.50 | S | 0 | Duplicative/Redundant |
| 04/06/94 | Haynes | 3.00 | | 1.0 | Excessive-Brumblow claims |
| 04/08/94 | Haynes | .25 | S | 0 | Unrelated |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 04/08/94 | Mann | .50 | O | .50 | |
| 04/11/94 | Mann | 2.75 | S | 2.0 | Unrelated/Duplicative/Redundant |
| 04/11/94 | Haynes | 2.75 | S | 2.0 | Unrelated |
| 04/12/94 | Mann | .50 | S | 0 | Excessive/Duplicative/Redundant |
| 04/13/94 | Mann | .75 | S | 0 | Duplicative/Redundant |
| 04/18/94 | Gann | 1.30 | O | 1.30 | |
| 04/19/94 | Gann | 1.50 | O | 1.50 | |
| 05/09/94 | Mann | .75 | S | .25 | Duplicative/Redundant Excessive |
| 05/17/94 | Mann | .50 | S | .25 | Duplicative/Redundant Excessive |
| 05/30/94 | Mann | .50 | S | 0 | Inadequate Description Duplicative/Redundant |
| 06/30/94 | Mann | 4.00 | S | 2.0 | Inadequate Description Duplicative/Redundant Excessive |
| 06/06/94 | Gann | 1.50 | O | 1.50 | |
| 06/10/94 | Mann | 2.00 | S | 1.0 | Duplicative/Redundant |
| 06/13/94 | Haynes | .50 | O | .50 | |
| 06/13/94 | Gann | 3.00 | S | 1.0 | Duplicative/Redundant Excessive |
| 06/13/94 | Mann | 3.00 | O | 3.00 | |
| 06/14/94 | Mann | .25 | S | 0 | Inadequate Description |
| 06/14/94 | Haynes | .50 | S | .25 | Duplicative/Redundant |
| 06/15/94 | Mann | .50 | S | 0 | Inadequate Description Duplicative/Redundant |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 06/20/94 | Mann | 2.50 | S | 1.0 | Duplicative/Redundant Excessive |
| 06/22/94 | Gann | 1.60 | O | 1.60 | |
| 06/23/94 | Gann | 2.50 | O | 2.50 | |
| 06/27/94 | Haynes | 2.75 | S | 1.40 | Excessive-Brumblow claims |
| 06/27/94 | Mann | 2.50 | O | 2.50 | |
| 07/01/94 | Mann | 1.00 | S | .10 | Duplicative/Redundant |
| 07/06/94 | Gann | 3.00 | S | 0 | Unrelated |
| 07/07/94 | Gann | 6.50 | S | 0 | Unrelated |
| 07/07/94 | Mann | 3.00 | O | 3.00 | |
| 07/08/94 | Mann | .75 | O | .75 | |
| 07/11/94 | Haynes | .75 | O | .75 | |
| 07/11/94 | Mann | .75 | S | .25 | Inadequate Description Duplicative/Redundant |
| 07/12/94 | Mann | 4.50 | O | 4.50 | |
| 7/12/94 | Haynes | .75 | O | .75 | |
| 07/13/94 | Haynes | 5.00 | O | 5.00 | |
| 07/13/94 | Haynes | 5.00 | O | 5.00 | |
| 07/13/94 | Mann | 5.00 | S | 2.0 | Duplicative/Redundant |
| 07/14/94 | Haynes | 4.00 | O | 4.00 | |
| 07/19/94 | Mann | 3.00 | S | 0 | Unrelated Duplicative/Redundant |
| 07/19/94 | Haynes | 3.00 | S | 0 | Unrelated |
| 07/20/94 | Haynes | 6.00 | S | 0 | Unrelated |
| 07/20/94 | Mann | 8.50 | S | 0 | Unrelated/Excessive Duplicative/Redundant |

13

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 07/21/94 | Mann | 4.00 | O | 4.00 | |
| 07/22/94 | Mann | .25 | O | .25 | |
| 07/25/94 | Mann | 3.00 | S | 0 | Inadequate Description Duplicative/Redundant |
| 07/25/94 | Haynes | 6.00 | O | 6.00 | |
| 07/25/94 | Gann | 1.00 | S | .10 | Inadequate Description |
| 07/26/94 | Gann | 1.00 | O | 1.00 | |
| 07/27/94 | Gann | 1.50 | O | 1.50 | |
| 08/02/94 | Mann | 2.25 | S | 0 | Duplicative/Redundant |
| 08/08/94 | Mann | .75 | O | .75 | |
| 08/09/94 | Mann | .25 | S | 0 | Inadequate Description |
| 08/10/94 | Mann | .75 | S | 0 | Inadequate Description |
| 08/15/94 | Haynes | .75 | O | .75 | |
| 08/15/94 | Mann | .75 | S | 0 | Inadequate Description |
| 08/18/94 | Mann | .75 | S | .25 | Inadequate Description Duplicative/Redundant |
| 08/19/94 | Mann | 1.00 | S | 0 | Inadequate Description Duplicative/Redundant |
| 08/22/94 | Mann | 3.00 | S | .50 | Duplicative/Redundant Excessive |
| 08/24/94 | Haynes | 8.00 | O | 8.00 | |
| 08/24/94 | Haynes | 2.00 | O | 2.00 | |
| 08/24/94 | Gann | 8.00 | O | 8.00 | |
| 08/24/94 | Gann | 2.00 | O | 2.00 | |
| 08/24/94 | Gann | 2.00 | S | 0 | Duplicative/Redundant |
| 08/24/94 | Mann | 9.50 | O | 9.50 | |

14

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 08/25/94 | Mann | 9.50 | O | 9.50 | |
| 08/25/94 | Haynes | 8.00 | O | 8.00 | |
| 08/25/94 | Haynes | 2.00 | O | 2.00 | |
| 08/25/94 | Gann | 8.00 | O | 8.00 | |
| 08/25/94 | Gann | 2.00 | O | 2.00 | |
| 08/26/94 | Mann | 9.50 | O | 9.50 | |
| 08/26/94 | Haynes | 8.00 | O | 8.00 | |
| 08/26/94 | Haynes | 2.00 | O | 2.00 | |
| 08/26/94 | Gann | 8.00 | O | 8.00 | |
| 08/26/94 | Gann | 2.00 | O | 2.00 | |
| 08/29/94 | Haynes | 2.25 | S | 2.00 | Duplicative/Redundant |
| 08/30/94 | Mann | 4.50 | O | 4.50 | |
| 09/01/94 | Mann | 1.50 | S | .50 | Inadequate Description Duplicative/Redundant |
| 09/07/94 | Mann | 9.50 | O | 9.50 | |
| 09/07/94 | Haynes | 8.00 | O | 8.00 | |
| 09/07/94 | Haynes | 2.00 | O | 2.00 | |
| 09/07/94 | Gann | 8.00 | O | 8.00 | |
| 09/07/94 | Gann | 2.00 | O | 2.00 | |
| 09/07/94 | Mann | 9.50 | S | 0 | Duplicative/Redundant |
| 09/08/94 | Mann | 8.00 | O | 8.00 | |
| 09/08/94 | Gann | 8.00 | O | 8.00 | |
| 09/08/94 | Gann | 2.00 | O | 2.00 | |
| 09/14/94 | Mann | 2.50 | S | O | Unrelated/Clerical |
| 09/14/94 | Haynes | .75 | O | .75 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 09/15/94 | Haynes | 2.00 | O | 2.00 | |
| 09/15/94 | Mann | 1.25 | O | 1.25 | |
| 09/15/94 | Mann | 1.00 | S | 0 | Duplicative/Redundant |
| 09/20/94 | Mann | 2.00 | O | 2.00 | |
| 09/21/94 | Haynes | 3.50 | O | 3.50 | |
| 09/21/94 | Mann | 3.50 | O | 3.50 | |
| 09/22/94 | Mann | 1.50 | S | .75 | Duplicative/Redundant |
| 09/22/94 | Haynes | 1.75 | S | 1.00 | Duplicative/Redundant |
| 09/23/94 | Haynes | 1.50 | S | 1.0 | Duplicative/Redundant |
| 09/23/94 | Gann | 1.00 | O | 1.00 | |
| 09/23/94 | Mann | .75 | O | .75 | |
| 09/24/94 | Haynes | 2.50 | O | 2.50 | |
| 09/26/94 | Haynes | 2.00 | O | 2.00 | |
| 09/26/94 | Mann | 1.00 | O | 1.00 | |
| 09/28/94 | Mann | .25 | O | .25 | |
| 09/28/94 | Haynes | 4.00 | S | 2.0 | Excessive |
| 09/28/94 | Gann | 2.00 | O | 2.00 | |
| 10/03/94 | Haynes | 6.50 | O | 6.50 | |
| 10/03/94 | Mann | 6.50 | O | 6.50 | |
| 10/04/94 | Mann | 8.50 | O | 8.50 | |
| 10/04/94 | Haynes | 8.50 | O | 8.50 | |
| 10/04/94 | Gann | 3.00 | O | 3.00 | |
| 10/05/94 | Mann | 4.00 | S | 0 | Duplicative/Redundant |
| 10/06/94 | Mann | 5.00 | O | 5.00 | |
| 10/07/94 | Gann | 5.00 | O | 5.00 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 10/07/94 | Mann | 5.00 | S | 2.0 | Duplicative/Redundant |
| 10/08/94 | Mann | 2.50 | S | 2.0 | Duplicative/Redundant |
| 10/10/94 | Haynes | 8.00 | O | 8.00 | |
| 10/10/94 | Haynes | 2.00 | O | 2.00 | |
| 10/10/94 | Mann | 9.50 | O | 9.50 | |
| 10/12/94 | Mann | .50 | S | .10 | Inadequate Description |
| 10/14/94 | Mann | .50 | S | 0 | Inadequate Description |
| 10/14/94 | Haynes | .50 | O | .50 | |
| 10/17/94 | Mann | 5.00 | O | 5.00 | |
| 10/18/94 | Mann | 7.75 | O | 7.75 | |
| 10/19/94 | Gann | 5.50 | O | 5.50 | |
| 10/25/94 | Haynes | 2.00 | O | 2.00 | |
| 10/25/94 | Mann | .50 | O | .50 | |
| 10/26/94 | Mann | 15.00 | O | 15.00 | |
| 10/26/94 | Mann | 1.50 | O | 1.50 | |
| 10/26/94 | Haynes | 2.00 | O | 2.00 | |
| 10/26/94 | Gann | 14.50 | O | 14.50 | |
| 10/26/94 | Gann | 2.00 | O | 2.00 | |
| 10/26/94 | Mann | 4.50 | O | 4.50 | |
| 10/28/94 | Mann | 2.00 | S | 1.00 | Duplicative/Redundant Inadequate Description |
| 10/31/94 | Mann | 5.00 | S | 1.00 | Duplicative/Redundant Inadequate Description |
| 10/31/94 | Haynes | 5.00 | O | 5.00 | |
| 10/31/94 | Gann | 4.50 | O | 4.50 | |

17

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 11/02/94 | Mann | 2.50 | S | 1.00 | Duplicative/Redundant |
| 11/03/94 | Mann | .50 | S | 0 | Duplicative/Redundant |
| 11/04/94 | Mann | .75 | S | .20 | Duplicative/Redundant |
| 11/07/94 | Haynes | 2.00 | O | 2.00 | |
| 11/07/94 | Gann | 6.00 | O | 6.00 | |
| 11/07/94 | Gann | 7.00 | O | 7.00 | |
| 11/08/94 | Mann | 8.00 | O | 8.00 | |
| 11/11/94 | Mann | .50 | S | 0 | Inadequate Description |
| 11/14/94 | Haynes | 2.00 | O | 2.00 | |
| 11/14/94 | Mann | 7.50 | O | 7.50 | |
| 11/15/94 | Mann | 1.00 | S | .20 | Inadequate Description |
| 11/15/94 | Haynes | .75 | S | 0 | |
| 11/18/94 | Haynes | 1.00 | O | 1.00 | |
| 11/18/94 | Mann | .75 | S | 0 | Duplicative/Redundant |
| 11/23/94 | Mann | .75 | S | 0 | Duplicative/Redundant |
| 11/28/94 | Mann | .25 | S | 0 | Duplicative/Redundant |
| 11/28/94 | Gann | 4.50 | O | 4.50 | |
| 11/30/94 | Gann | 2.50 | O | 2.50 | |
| 12/01/94 | Mann | .75 | O | .75 | |
| 12/02/94 | Mann | .50 | S | 0 | Unrelated Inadequate Description |
| 12/02/94 | Haynes | 1.00 | O | 1.00 | |
| 12/02/94 | Gann | 5.00 | O | 5.00 | |
| 12/06/94 | Mann | 2.00 | S | .50 | Duplicative/Redundant Inadequate Description |

18

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 12/07/94 | Mann | 1.25 | O | 1.25 | |
| 12/07/94 | Haynes | 1.25 | O | 1.25 | |
| 12/08/94 | Mann | 4.00 | S | 0 | Unnecessary |
| 12/09/94 | Mann | 1.00 | S | .20 | Duplicative/Redundant |
| 12/12/94 | Haynes | 3.25 | O | 3.25 | |
| 12/12/94 | Mann | 10.00 | O | 10.0 | |
| 12/13/94 | Mann | 8.00 | O | 8.00 | |
| 12/13/94 | Haynes | 8.00 | O | 8.00 | |
| 12/13/94 | Gann | 6.40 | O | 6.40 | |
| 12/14/94 | Mann | 12.50 | O | 12.50 | |
| 12/15/94 | Mann | 4.75 | O | 4.75 | |
| 12/16/94 | Mann | 1.50 | S | .50 | Duplicative/Redundant |
| 12/17/94 | Mann | 1.00 | S | 0 | Inadequate Description |
| 12/21/94 | Haynes | .25 | | 0 | Excessive-Brumblow claims |
| 12/21/94 | Mann | .50 | S | .25 | Duplicative/Redundant |
| 12/22/94 | Mann | 1.50 | S | 0 | Inadequate Description Duplicative/Redundant |
| 12/23/94 | Haynes | 1.50 | O | 1.50 | |
| 12/23/94 | Mann | .75 | S | 0 | Inadequate Description |
| 12/31/94 | Haynes | 8.50 | O | 8.50 | |
| 12/31/94 | Mann | 4.25 | S | .75 | Duplicative/Redundant Inadequate Description |
| 01/09/95 | Gann | 3.50 | O | 3.50 | |
| 01/09/95 | Mann | .50 | S | 0 | Inadequate Description Duplicative/Redundant |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 01/11/95 | Mann | 7.00 | S | 1.50 | Inadequate Description Duplicative/Redundant |
| 01/11/95 | Haynes | 3.50 | O | 3.50 | |
| 01/12/95 | Gann | 2.80 | O | 2.80 | |
| 01/12/95 | Haynes | 1.75 | S | .75 | Unnecessary/Excessive |
| 01/12/95 | Mann | 8.50 | O | 8.50 | |
| 01/13/95 | Mann | 12.00 | S | 2.50 | Excessive Duplicative/Redundant |
| 01/16/95 | Mann | .50 | S | .20 | Duplicative/Redundant |
| 01/17/95 | Mann | 11.25 | S | 2.25 | Excessive |
| 01/17/95 | Haynes | 7.25 | O | 7.25 | |
| 01/17/95 | Haynes | 2.00 | O | 2.00 | |
| 01/18/95 | Haynes | 5.00 | O | 5.00 | |
| 01/18/95 | Haynes | 2.25 | S | 1.25 | Duplicative/Redundant |
| 01/18/95 | Mann | 15.00 | O | 15.00 | |
| 01/18/95 | Gann | 8.00 | O | 8.00 | |
| 01/19/95 | Mann | 9.00 | O | 9.00 | |
| 01/20/95 | Mann | 7.75 | O | 7.75 | |
| 01/23/95 | Mann | 10.50 | O | 10.50 | |
| 01/24/95 | Mann | 12.00 | O | 12.00 | |
| 01/25/95 | Mann | 1.00 | S | .25 | Duplicative/Redundant |
| 01/26/95 | Mann | 5.00 | O | 5.00 | |
| 01/26/95 | Haynes | 5.00 | O | 5.00 | |
| 01/26/95 | Haynes | 4.25 | O | 4.25 | |
| 01/27/95 | Haynes | 6.00 | S | 3.00 | Excessive |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 01/27/95 | Mann | 1.00 | O | 1.00 | |
| 01/27/95 | Mann | 2.00 | S | 0 | Inadequate Description Duplicative/Redundant |
| 01/27/95 | Gann | 1.20 | O | 1.20 | |
| 02/01/95 | Mann | 2.50 | S | 0 | Inadequate Description |
| 02/01/95 | Mann | 2.00 | S | .50 | Inadequate Description Duplicative/Redundant |
| 02/01/95 | Haynes | .50 | O | .50 | |
| 02/03/95 | Haynes | .50 | O | .50 | |
| 02/03/95 | Haynes | 3.00 | | 1.0 | Excessive-Brumblow claims |
| 02/03/95 | Mann | .50 | O | .50 | |
| 02/03/95 | Mann | 1.50 | S | 0 | Inadequate Description |
| 02/06/95 | Mann | .50 | O | .50 | |
| 02/06/95 | Mann | .75 | S | .25 | Inadequate Description Duplicative/Redundant |
| 02/06/95 | Gann | 1.00 | O | 1.00 | |
| 02/08/95 | Mann | 2.00 | S | .50 | Duplicative/Redundant |
| 02/09/95 | Mann | .75 | O | .75 | |
| 02/09/95 | Nix | 1.00 | O | 1.00 | |
| 02/10/95 | Nix | 1.50 | O | 1.50 | |
| 02/10/95 | Mann | .25 | S | 0 | Inadequate Description |
| 02/10/95 | Gann | 3.00 | O | 3.00 | |
| 02/10/95 | Gann | 4.00 | O | 4.00 | |
| 02/11/95 | Gann | 1.00 | O | 1.00 | |
| 02/13/95 | Gann | 5.00 | O | 5.00 | |
| 02/13/95 | Mann | 4.25 | O | 4.25 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 02/13/95 | Haynes | 5.25 | O | 5.25 | |
| 02/13/95 | Haynes | 1.00 | O | 1.00 | |
| 02/15/95 | Haynes | 4.25 | O | 4.25 | |
| 02/15/95 | Mann | 1.50 | O | 1.50 | |
| 02/15/95 | Mann | 4.25 | O | 4.25 | |
| 02/15/95 | Mann | 2.00 | O | 2.00 | |
| 02/16/95 | Mann | 8.00 | O | 8.00 | |
| 02/16/95 | Mann | 2.00 | O | 2.00 | |
| 02/16/95 | Haynes | 8.00 | O | 8.00 | |
| 02/16/95 | Haynes | 2.00 | O | 2.00 | |
| 02/17/95 | Haynes | 4.00 | O | 4.00 | |
| 02/17/95 | Mann | 4.00 | O | 4.00 | |
| 02/18/95 | Mann | 1.50 | S | 0 | Inadequate Description |
| 02/18/95 | Haynes | 3.50 | S | 1.20 | Excessive-Brumblow claims Unrelated |
| 02/19/95 | Haynes | 5.00 | O | 5.00 | |
| 02/19/95 | Mann | 2.00 | O | 2.00 | |
| 02/19/95 | Mann | .50 | O | .50 | |
| 02/20/95 | Mann | 2.00 | S | 0 | Unrelated Duplicative/Redundant |
| 02/20/95 | Mann | 4.00 | S | 0 | Duplicative/Redundant Inadequate Description |
| 02/20/95 | Mann | 2.00 | S | 0 | Unrelated Duplicative/Redundant |
| 02/20/95 | Haynes | 8.00 | O | 8.00 | |
| 02/20/95 | Haynes | 2.00 | O | 2.00 | |

22

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 02/20/95 | Nix | 1.00 | O | 1.00 | |
| 02/21/95 | Mann | .25 | O | .25 | |
| 02/21/95 | Mann | 2.00 | S | .50 | Duplicative/Redundant |
| 02/21/95 | Mann | 3.00 | O | 3.00 | |
| 02/21/95 | Mann | 3.00 | S | 0 | Inadequate Description Duplicative/Redundant |
| 02/22/95 | Mann | 2.00 | S | 1.00 | Duplicative/Redundant |
| 02/24/95 | Mann | 4.00 | S | 0 | Unrelated Duplicative/Redundant |
| 02/27/95 | Gann | 3.00 | O | 3.00 | |
| 02/28/95 | Gann | 3.50 | O | 3.50 | |
| 03/02/95 | Gann | 6.00 | O | 6.00 | |
| 03/03/95 | Mann | 3.00 | S | 1.00 | Duplicative/Redundant |
| 03/03/95 | Mann | 3.00 | O | 3.00 | |
| 03/03/95 | Mann | .50 | S | 0 | Inadequate Description |
| 03/04/95 | Haynes | 3.50 | O | 3.50 | |
| 03/04/95 | Mann | 3.50 | S | 0 | Inadequate Description Duplicative/Redundant |
| 03/04/95 | Mann | 3.50 | S | .75 | Duplicative/Redundant |
| 03/06/95 | Gann | 3.00 | O | 3.00 | |
| 03/07/95 | Gann | 5.00 | O | 5.00 | |
| 03/08/95 | Mann | 5.50 | O | 5.50 | |
| 03/11/95 | Mann | 8.00 | O | 8.00 | |
| 03/12/95 | Mann | 5.00 | O | 5.00 | |
| 03/13/95 | Mann | .25 | S | 0 | Inadequate Description |
| 03/14/95 | Gann | 2.00 | O | 2.00 | |

23

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 03/14/95 | Mann | 5.75 | S | 1.50 | Duplicative/Redundant Inadequate Description |
| 03/14/95 | Mann | 1.00 | S | .50 | Duplicative/Redundant |
| 03/15/95 | Mann | 9.50 | O | 9.50 | |
| 03/16/95 | Nix | 3.00 | O | 3.00 | |
| 03/17/95 | Haynes | 4.25 | S | 0 | Unrelated |
| 03/17/95 | Mann | 4.25 | S | 0 | Unrelated Duplicative/Redundant |
| 03/17/95 | Mann | 4.25 | S | 0 | Unrelated Duplicative/Redundant |
| 03/18/95 | Mann | 6.00 | O | 6.00 | |
| 03/18/95 | Haynes | 6.00 | O | 6.00 | |
| 03/19/95 | Mann | 4.50 | S | 0 | Duplicative/Redundant Inadequate Description |
| 03/20/95 | Gann | .70 | O | .70 | |
| 03/21/95 | Gann | .60 | O | .60 | |
| 03/21/95 | Mann | 6.00 | O | 6.00 | |
| 03/22/95 | Mann | 6.00 | O | 6.00 | |
| 03/22/95 | Haynes | 6.00 | O | 6.00 | |
| 03/22/95 | Haynes | 2.00 | O | 2.00 | |
| 03/22/95 | Gann | 1.50 | O | 1.50 | |
| 03/23/95 | Haynes | 7.50 | O | 7.50 | |
| 03/23/95 | Mann | 7.50 | O | 7.50 | |
| 03/24/95 | Nix | 3.00 | O | 3.00 | |
| 03/24/95 | Mann | 1.00 | S | .50 | Unrelated |
| 03/24/95 | Haynes | 3.75 | O | 3.75 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 03/27/95 | Haynes | 4.00 | O | 4.00 | |
| 03/27/95 | Mann | 4.00 | S | 0 | Inadequate Description Duplicative/Redundant |
| 03/27/95 | Gann | 2.00 | O | 2.00 | |
| 03/28/95 | Gann | 7.00 | O | 7.00 | |
| 03/28/95 | Mann | 3.00 | O | 3.00 | |
| 03/29/95 | Haynes | .75 | O | .75 | |
| 03/29/95 | Gann | 7.50 | O | 7.50 | |
| 03/30/95 | Haynes | 1.00 | O | 1.00 | |
| 03/31/95 | Haynes | 2.50 | O | 2.50 | |
| 03/31/95 | Mann | .75 | S | 0 | Inadequate Description Duplicative/Redundant |
| 03/31/95 | Mann | 2.50 | O | 2.50 | |
| 03/31/95 | Gann | .80 | O | .80 | |
| 04/03/95 | Gann | 6.80 | O | 6.80 | |
| 04/03/95 | Mann | 4.00 | S | 1.50 | Unrelated Duplicative/Redundant |
| 04/03/95 | Haynes | 6.50 | O | 6.50 | |
| 04/03/95 | Haynes | 5.00 | O | 5.00 | |
| 04/04/95 | Haynes | 8.25 | O | 8.25 | |
| 04/04/95 | Mann | 4.00 | O | 4.00 | |
| 04/04/95 | Gann | 6.50 | O | 6.50 | |
| 04/05/95 | Gann | 4.00 | O | 4.00 | |
| 04/05/95 | Mann | .50 | O | .50 | |
| 04/05/95 | Mann | .25 | O | .25 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 04/06/95 | Mann | .25 | S | 0 | Duplicative/Redundant Inadequate Description |
| 04/06/95 | Mann | 2.00 | O | 2.00 | |
| 04/07/95 | Haynes | 3.50 | O | 3.50 | |
| 04/08/95 | Haynes | 6.75 | O | 6.75 | |
| 04/09/95 | Haynes | 7.00 | O | 7.00 | |
| 04/09/95 | Mann | 7.00 | O | 7.00 | |
| 04/09/95 | Mann | 3.00 | O | 3.00 | |
| 04/10/95 | Mann | 12.00 | O | 12.00 | |
| 04/10/95 | Mann | 1.50 | O | 1.50 | |
| 04/10/95 | Haynes | 12.00 | O | 12.00 | |
| 04/10/95 | Haynes | 1.50 | O | 1.50 | |
| 04/10/95 | Gann | 3.50 | O | 3.50 | |
| 04/11/95 | Haynes | 5.00 | O | 4.50 | |
| 04/11/95 | Mann | 5.00 | O | 5.00 | |
| 04/12/95 | Mann | 5.00 | S | 0 | Inadequate Description Duplicative/Redundant |
| 04/12/95 | Haynes | 5.25 | O | 5.25 | |
| 04/12/95 | Gann | .30 | O | .30 | |
| 04/14/95 | Haynes | 2.00 | O | 2.00 | |
| 04/14/95 | Mann | 2.00 | O | 2.00 | |
| 04/17/95 | Mann | 5.00 | S | 1.50 | Duplicative/Redundant Inadequate Description |
| 04/17/95 | Haynes | 5.00 | O | 5.00 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 04/18/95 | Mann | 4.25 | S | 0 | Unrelated Duplicative/Redundant Inadequate Description |
| 04/19/95 | Mann | 2.75 | S | 0 | Duplicative/Redundant Inadequate Description |
| 04/20/95 | Gann | .60 | O | .60 | |
| 04/20/95 | Mann | 3.00 | O | 3.00 | |
| 04/25/95 | Gann | .50 | O | .50 | |
| 04/26/95 | Gann | 4.00 | O | 4.00 | |
| 04/26/95 | Mann | 2.00 | S | 0 | Duplicative/Redundant |
| 04/26/95 | Haynes | 2.25 | O | 2.25 | |
| 04/28/95 | Mann | 4.00 | S | 2.50 | Duplicative/Redundant |
| 05/01/95 | Haynes | 2.00 | O | 2.00 | |
| 05/02/95 | Gann | 3.00 | O | 3.00 | |
| 05/03/95 | Mann | 7.25 | O | 7.25 | |
| 05/05/95 | Mann | 4.00 | S | .50 | Duplicative/Redundant |
| 05/08/95 | Haynes | 3.00 | O | 3.00 | |
| 05/08/95 | Mann | 5.00 | O | 5.00 | |
| 05/08/95 | Mann | 3.00 | S | .50 | Unrelated |
| 05/08/95 | Gann | 1.50 | O | 1.50 | |
| 05/09/95 | Haynes | 1.50 | O | 1.50 | |
| 05/10/95 | Haynes | 2.50 | O | 2.50 | |
| 05/10/95 | Haynes | 6.00 | O | 6.00 | |
| 05/10/95 | Mann | 2.00 | O | 2.00 | |
| 05/10/95 | Mann | 4.00 | O | 4.00 | |
| 05/11/95 | Mann | 4.00 | O | 4.00 | |

27

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 05/11/95 | Haynes | 6.00 | O | 6.00 | |
| 05/12/95 | Haynes | .75 | O | .75 | |
| 05/12/95 | Mann | .75 | S | .25 | Unrelated |
| 05/12/95 | Mann | 8.00 | O | 8.00 | |
| 05/13/95 | Mann | 4.00 | S | 2.00 | Unrelated Duplicative/Redundant |
| 05/13/95 05/14/95 | Haynes | 7.00 | O | 7.00 | |
| 05/14/95 | Haynes | 2.75 | O | 2.75 | |
| 05/15/95 | Haynes | 10.00 | O | 10.00 | |
| 05/15/95 | Mann | 12.00 | O | 12.00 | |
| 05/16/95 | Mann | 16.00 | O | 16.00 | |
| 05/17/95 | Mann | .50 | S | 0 | Inadequate Description |
| 05/17/95 | Mann | 4.00 | O | 4.00 | |
| 05/18/95 | Mann | 6.00 | O | 6.00 | |
| 05/18/95 | Mann | 4.50 | O | 4.50 | |
| 05/18/95 | Haynes | 2.00 | O | 2.00 | |
| 05/19/95 | Haynes | 1.00 | O | 1.00 | |
| 05/19/95 | Haynes | 3.00 | O | 3.00 | |
| 05/19/95 | Mann | 3.00 | S | .50 | Duplicative/Redundant |
| 05/20/95 | Mann | 4.00 | O | 4.00 | |
| 05/21/95 | Mann | 4.00 | O | 4.00 | |
| 05/22/95 | Gann | 4.50 | O | 4.50 | |
| 05/22/95 | Mann | 4.00 | O | 4.00 | |
| 05/23/95 | Haynes | 1.50 | O | 1.50 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 05/23/95 | Mann | 4.00 | O | 4.00 | |
| 05/23/95 | Gann | 4.30 | O | 4.30 | |
| 05/24/95 | Gann | .50 | O | .50 | |
| 05/24/95 | Mann | 6.00 | O | 6.00 | |
| 05/24/95 | Haynes | 4.00 | O | 4.00 | |
| 05/15/95 | Gann | .30 | O | .30 | |
| 05/25/95 | Gann | .30 | O | .30 | |
| 05/30/95 | Mann | 2.50 | S | 1.50 | Inadequate Description Duplicative/Redundant |
| 05/30/95 | Haynes | .75 | O | .75 | |
| 05/30/95 | Gann | .80 | O | .80 | |
| 05/31/95 | Haynes | 2.25 | O | 2.25 | |
| 05/31/95 | Mann | 1.50 | O | 1.50 | |
| 06/01/95 | Haynes | 1.00 | O | 1.00 | |
| 06/02/95 | Haynes | 3.75 | O | 3.75 | |
| 06/02/95 | Haynes | .25 | O | .25 | |
| 06/02/95 | Haynes | .75 | O | .75 | |
| 06/02/95 | Mann | 2.50 | O | 2.50 | |
| 06/02/95 | Mann | .50 | S | 0 | Duplicative/Redundant |
| 06/02/95 | Mann | 5.00 | S | .50 | Excessive |
| 06/02/95 | Gann | 1.50 | O | 1.50 | |
| 06/02/95 | Nix | 1.00 | O | 1.00 | |
| 06/05/95 | Mann | 1.00 | O | 1.00 | |
| 06/05.95 | Gann | .50 | S | 0 | Inadequate Description |
| 06/06/95 | Mann | 1.00 | O | 1.00 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 06/07/95 | Mann | .50 | S | 0 | Inadequate Description Duplicative/Redundant |
| 06/07/95 | Gann | .40 | O | .40 | |
| 06/08/95 | Mann | .25 | O | .25 | |
| 06/09/95 | Mann | 3.00 | S | .50 | Duplicative/Redundant Unrelated |
| 06/09/95 | Haynes | 1.00 | O | 1.00 | |
| 06/12/95 | Haynes | .25 | O | .25 | |
| 06/12/95 | Mann | .75 | O | .75 | |
| 06/14/95 | Haynes | 1.25 | O | 1.25 | |
| 06/14/95 | Mann | 1.25 | S | 0 | Inadequate Description Duplicative/Redundant |
| 06/15/95 | Mann | .50 | O | .50 | |
| 06/15/95 | Haynes | 1.50 | O | 1.50 | |
| 06/15/95 | Haynes | .50 | O | .50 | |
| 06/16/95 | Nix | 1.00 | O | 1.00 | |
| 06/22/95 | Haynes | .50 | O | .50 | |
| 06/22/95 | Mann | .25 | O | .25 | |
| 06/23/95 | Mann | 3.00 | O | 3.00 | |
| 06/23/95 | Mann | 1.50 | O | 1.50 | |
| 06/23/95 | Haynes | 1.50 | O | 1.50 | |
| 06/25/95 | Mann | 3.00 | S | 0 | Duplicative/Redundant |
| 06/25/95 | Nix | 2.00 | O | 2.00 | |
| 06/26/95 | Mann | 3.00 | O | 3.00 | |
| 06/26/95 | Haynes | 6.50 | O | 6.50 | |
| 06/26/95 | Nix | 2.00 | O | 2.00 | |

30

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 06/27/95 | Haynes | 5.00 | O | 5.00 | |
| 06/27/95 | Mann | .50 | O | .50 | |
| 06/27/95 | Mann | 5.00 | O | 5.00 | |
| 06/28/95 | Haynes | 1.25 | O | 1.25 | |
| 06/28/95 | Nix | 8.00 | S | 0 | Excessive |
| 06/29/95 | Nix | 2.00 | O | 2.00 | |
| 06/30/95 | Mann | .25 | O | .25 | |
| 06/30/95 | Nix | 2.00 | O | 2.00 | |
| 07/02/95 | Gann | 1.00 | S | 0 | Inadequate Description |
| 07/03/95 | Haynes | .75 | O | .75 | |
| 07/05/95 | Mann | 2.25 | O | 2.25 | |
| 07/05/95 | Mann | 3.50 | O | 3.50 | |
| 07/05/95 | Nix | 2.00 | O | 2.00 | |
| 07/06/95 | Mann | 1.50 | S | .50 | Duplicative/Redundant |
| 07/06/95 | Mann | 8.50 | O | 8.50 | |
| 07/06/95 | Nix | 1.00 | O | 1.00 | |
| 07/07/95 | Haynes | 6.00 | S | 2.50 | Inadequate Description |
| 07/07/95 | Mann | 8.00 | S | 2.50 | Inadequate Description |
| 07/09/95 | Gann | .50 | S | 0 | Inadequate Description |
| 07/09/95 | Gann | .50 | S | 0 | Inadequate Description |
| 07/10/95 | Mann | 10.00 | S | 6.00 | Excessive Duplicative/Redundant |
| 07/10/95 | Haynes | 2.00 | O | 2.00 | |
| 07/10/95 | Haynes | 1.00 | O | 1.00 | |
| 07/10/95 | Haynes | 2.00 | O | 2.00 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 07/10/95 | Haynes | 2.00 | S | 0 | Excessive |
| 07/10/95 | Haynes | 2.00 | S | 0 | Excessive |
| 07/10/95 | Haynes | 1.0 | O | 1.0 | |
| 07/10/95 | Nix | 2.00 | O | 2.00 | |
| 07/11/95 | Mann | 1.25 | S | .50 | Duplicative/Redundant |
| 07/12/95 | Mann | 2.00 | S | 0 | Inadequate Description Duplicative/Redundant |
| 07/14/95 | Nix | .50 | O | .50 | |
| 07/17/95 | Nix | 1.00 | O | 1.00 | |
| 07/18/95 | Haynes | 2.00 | O | 2.00 | |
| 07/19/95 | Mann | 5.50 | O | 5.50 | |
| 07/21/95 | Nix | 2.50 | O | 2.50 | |
| 07/24/95 | Mann | 1.00 | S | 0 | Duplicative/Redundant |
| 07/26/95 | Mann | 8.00 | S | .75 | Excessive Duplicative/Redundant |
| 07/26/95 | Nix | 2.00 | O | 2.00 | |
| 07/27/95 | Mann | 2.00 | S | 0 | Excessive Duplicative/Redundant |
| 07/27/95 | Mann | .75 | S | 0 | Duplicative/Redundant |
| 07/27/95 | Nix | .25 | O | .25 | |
| 07/28/95 | Mann | 6.00 | O | 6.00 | |
| 07/28/95 | Nix | 1.50 | O | 1.50 | |
| 07/31/95 | Mann | 10.00 | S | 4.00 | Excessive Duplicative/Redundant |
| 07/31/95 | Haynes | 5.00 | O | 5.00 | |
| 07/31/95 | Haynes | 1.00 | O | 1.00 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 08/01/95 | Haynes | 2.00 | O | 2.00 | |
| 08/01/95 08/09/95 | Mann | 42.00 | S | 8.00 | Duplicative/Redundant Excessive |
| 08/01/95 08/09/95 | Haynes | 92.75 | S | 16.00 | Excessive |
| 08/02/95 | Mann | 1.00 | S | 0 | Duplicative/Redundant |
| 08/02/95 | Nix | 1.50 | O | 1.50 | |
| 08/03/95 | Haynes | .75 | O | .75 | |
| 08/03/95 | Mann | .50 | S | 0 | Duplicative/Redundant |
| 08/04/95 | Mann | 4.00 | O | 4.00 | |
| 08/04/95 | Nix | 3.00 | O | 3.00 | |
| 08/07/95 | Mann | .50 | S | 0 | Duplicative/Redundant |
| 08/07/95 | Gann | 2.50 | O | 2.50 | |
| 08/07/95 | Nix | 1.50 | O | 1.50 | |
| 08/09/95 | Mann | .25 | O | .25 | |
| 08/14/95 | Gann | 1.80 | O | 1.80 | |
| 08/14/95 | Nix | 1.00 | O | 1.00 | |
| 08/15/95 | Gann | .60 | O | .60 | |
| 08/16/95 | Mann | 5.00 | S | 0 | Duplicative/Redundant |
| 08/21/95 | Haynes | 1.25 | | .40 | Excessive-Brumblow claims |
| 08/21/95 | Mann | 8.00 | O | 8.00 | |
| 08/22/95 | Mann | 8.00 | O | 8.00 | |
| 08/23/95 | Mann | 4.00 | O | 4.00 | |
| 08/25/95 | Mann | 5.00 | O | 5.00 | |
| 08/25/95 | Haynes | .25 | O | .25 | |

33

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 08/28/95 | Haynes | 9.25 | O | 9.25 | |
| 08/28/95 | Mann | 8.00 | O | 8.00 | |
| 08/29/95 | Mann | 8.50 | O | 8.50 | |
| 08/29/95 | Haynes | 2.25 | O | 2.25 | |
| 08/31/95 | Mann | 4.00 | S | 0 | Inadequate Description |
| 09/05/95 | Haynes | 2.25 | | .75 | Unrelated Excessive-Brumblow claims |
| 09/05/95 | Mann | 4.00 | O | 4.00 | |
| 09/05/95 | Gann | 5.00 | O | 5.00 | |
| 09/08/95 | Mann | 2.50 | O | 2.50 | |
| 09/11/95 | Haynes | .50 | O | .50 | |
| 09/11/95 | Mann | 5.00 | S | 2.50 | Duplicative/Redundant |
| 09/11/95 | Gann | 7.00 | O | 7.00 | |
| 09/12/95 | Mann | 8.00 | O | 8.00 | |
| 09/13/95 | Mann | 8.00 | O | 8.00 | |
| 09/14/95 | Mann | 8.00 | S | 0 | Inadequate Description Duplicative/Redundant |
| 09/14/95 | Haynes | .50 | | 0 | Excessive-Brumblow claims |
| 09/15/95 | Mann | 8.00 | O | 8.00 | |
| 09/18/95 | Mann | 8.00 | O | 8.00 | |
| 09/19/95 | Mann | 4.00 | O | 4.00 | |
| 09/19/95 | Gann | 2.00 | O | 2.00 | |
| 09/20/95 | Mann | 4.00 | O | 4.00 | |
| 09/21/95 | Mann | 4.00 | O | 4.00 | |
| 09/22/95 | Mann | 4.00 | S | 0 | Inadequate Description |

34

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 09/22/95 | Haynes | 4.00 | O | 4.00 | |
| 09/25/95 | Gann | 2.50 | O | 2.50 | |
| 09/29/95 | Nix | 3.00 | O | 3.00 | |
| 10/02/95 | Mann | 8.00 | O | 8.00 | |
| 10/02/95 | Nix | 2.00 | O | 2.00 | |
| 10/03/95 | Mann | 8.00 | O | 8.00 | |
| 10/04/95 | Mann | 5.00 | O | 5.00 | |
| 10/04/95 10/06/95 | Haynes | 21.00 | S | 0 | Excessive |
| 10/04/95 | Haynes | 8.00 | O | 8.00 | |
| 10/04/95 | Gann | 6.30 | O | 6.30 | |
| 10/04/95 | Gann | .40 | O | .40 | |
| 10/05/95 | Nix | 6.00 | O | 6.00 | |
| 10/06/95 | Mann | 6.00 | S | 2.50 | Inadequate Description |
| 10/06/95 | Haynes | .25 | O | .25 | |
| 10/06/95 | Haynes | 2.00 | S | 0 | Excessive |
| 10/06/95 | Haynes | .25 | O | .25 | |
| 10/06/95 | Haynes | 2.00 | O | 2.00 | |
| 10/06/95 | Gann | 5.00 | O | 5.00 | |
| 10/06/95 | Nix | 3.00 | O | 3.00 | |
| 10/08/95 | Gann | 3.00 | O | 3.00 | |
| 10/09/95 | Mann | 8.25 | O | 8.25 | |
| 10/10/95 | Mann | 4.25 | O | 4.25 | |
| 10/10/95 | Gann | 2.50 | O | 2.50 | |
| 10/10/95 | Nix | 1.50 | O | 1.50 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|------------|----------|----------------|--------|---------------|-------------------------|
| 10/11/95 | Mann | 4.00 | S | 0 | Unrelated |
| 10/11/95 | Gann | 1.00 | O | 1.00 | |
| 10/12/95 | Gann | 2.50 | O | 2.50 | |
| 10/12/95 | Gann | 1.50 | O | 1.50 | |
| 10/12/95 | Nix | 2.00 | O | 2.00 | |
| 10/13/95 | Mann | 6.00 | S | 2.00 | Duplicative/Redundant |
| 10/13/95 | Nix | 2.00 | O | 2.00 | |
| 10/14/95 | Mann | 8.00 | O | 8.00 | |
| 10/14/95 | Gann | 3.00 | O | 3.00 | |
| 10/15/95 | Mann | 6.00 | O | 6.00 | |
| 10/15/95 | Gann | 3.50 | O | 3.50 | |
| 10/16/95 | Mann | .50 | O | .50 | |
| 10/16/95 | Mann | 8.50 | O | 8.50 | |
| 10/16/95 | Haynes | 4.00 | O | 4.00 | |
| 10/16/95 | Gann | 3.00 | O | 3.00 | |
| 10/16/95 | Nix | 1.00 | O | 1.00 | |
| 10/17/95 | Mann | 10.50 | O | 10.50 | |
| 10/17/95 | Gann | 1.50 | O | 1.50 | |
| 10/18/95 | Mann | 13.00 | O | 13.00 | |
| 10/18/95 | Haynes | 4.25 | O | 4.25 | |
| 10/18/95 | Haynes | 6.00 | O | 6.00 | |
| 10/18/95 | Gann | 1.00 | O | 1.00 | |
| 10/18/95 | Nix | 2.00 | O | 2.00 | |
| 10/19/95 | Mann | 12.00 | O | 12.00 | |
| 10/19/95 | Haynes | 8.00 | O | 8.00 | |

36

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 10/19/95 | Nix | 2.50 | O | 2.50 | |
| 10/20/95 | Mann | 12.25 | O | 12.25 | |
| 10/20/95 | Haynes | 8.00 | O | 8.00 | |
| 10/20/95 | Haynes | .50 | O | .50 | |
| 10/20/95 | Haynes | 1.00 | O | 1.00 | |
| 10/21/95 | Mann | 13.75 | O | 13.75 | |
| 10/21/95 | Haynes | 9.50 | O | 9.50 | |
| 10/21/95 | Gann | 4.00 | O | 4.00 | |
| 10/22/95 | Mann | 13.00 | O | 13.00 | |
| 10/22/95 | Haynes | 9.00 | O | 9.00 | |
| 10/22/95 | Haynes | 4.00 | O | 4.00 | |
| 10/22/95 | Nix | 3.00 | O | 3.00 | |
| 10/23/95 | Mann | 9.00 | O | 9.00 | |
| 10/23/95 | Haynes | 5.50 | O | 5.50 | |
| 10/23/95 | Haynes | 3.50 | O | 3.50 | |
| 10/23/95 | Gann | 4.00 | O | 4.00 | |
| 10/24/95 | Mann | 9.50 | O | 9.50 | |
| 10/24/95 | Haynes | 2.00 | O | 2.00 | |
| 10/24/95 | Haynes | 1.00 | O | 1.00 | |
| 10/24/95 | Haynes | 1.00 | O | 1.00 | |
| 10/24/95 | Haynes | 5.75 | O | 5.75 | |
| 10/24/95 | Haynes | 2.75 | O | 2.75 | |
| 10/24/75 | Nix | 2.00 | O | 2.00 | |
| 10/25/95 | Mann | 11.50 | O | 11.50 | |
| 10/25/95 | Haynes | 10.75 | O | 10.75 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 10/25/95 | Nix | 1.00 | O | 1.00 | |
| 10/25/95 | Nix | 1.00 | O | 1.00 | |
| 10/26/95 | Mann | 9.00 | O | 9.00 | |
| 10/26/95 | Haynes | 5.00 | O | 5.00 | |
| 10/26/95 | Haynes | 2.00 | O | 2.00 | |
| 10/26/95 | Haynes | 4.25 | O | 4.25 | |
| 10/26/95 | Gann | 8.00 | O | 8.00 | |
| 10/26/95 | Nix | 7.00 | O | 7.00 | |
| 10/26/95 | Nix | 1.00 | O | 1.00 | |
| 10/27/95 | Haynes | 4.00 | O | 4.00 | |
| 10/27/95 | Mann | 9.00 | O | 9.00 | |
| 10/27/95 | Gann | 8.50 | O | 8.50 | |
| 10/27/95 | Nix | 4.00 | O | 4.00 | |
| 10/28/95 | Haynes | 16.00 | O | 16.00 | |
| 10/28/95 | Gann | 10.00 | O | 10.00 | |
| 10/28/95 | Nix | 3.00 | O | 3.00 | |
| 10/28/95 | Mann | 16.00 | O | 16.00 | |
| 10/29/95 | Haynes | 16.00 | O | 16.00 | |
| 10/29/95 | Gann | 10.50 | O | 10.50 | |
| 10/29/95 | Nix | 7.00 | O | 7.00 | |
| 10/30/95 | Mann | 8.00 | O | 8.00 | |
| 10/30/95 | Mann | 5.00 | O | 5.00 | |
| 10/30/95 | Haynes | 5.00 | O | 5.00 | |
| 10/30/95 | Nix | 8.00 | O | 8.00 | |
| 10/31/95 | Mann | 8.00 | O | 8.00 | |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|---|---|---|---|---|---|
| 10/31/95 | Mann | 6.00 | O | 6.00 | |
| 10/31/95 | Haynes | 8.00 | O | 8.00 | |
| 10/31/95 | Haynes | 5.50 | O | 5.50 | |
| 10/31/95 | Gann | 14.00 | O | 14.00 | |
| 10/31/95 | Nix | 4.00 | O | 4.00 | |
| 11/01/95 | Mann | 8.00 | O | 8.00 | |
| 11/01/95 | Mann | 8.00 | O | 8.00 | |
| 11/01/95 | Haynes | 8.00 | O | 8.00 | |
| 11/01/95 | Nix | 4.00 | O | 4.00 | |
| 11/02/95 | Mann | 9.50 | O | 9.50 | |
| 11/02/95 | Nix | 7.00 | O | 7.00 | |
| 11/03/95 | Mann | 8.00 | O | 8.00 | |
| 11/04/95 | Mann | 3.00 | O | 3.00 | |
| 11/04/95 | Haynes | 2.25 | O | 2.25 | |
| 11/05/95 | Mann | 2.50 | O | 2.50 | |
| 11/05/95 | Haynes | 1.00 | O | 1.00 | |
| 11/06/95 | Mann | 3.00 | O | 3.00 | |
| 11/06/95 | Haynes | 1.50 | O | 1.50 | |
| 11/06/95 | Haynes | 3.00 | O | 3.00 | |
| 11/07/95 | Mann | 1.00 | O | 1.00 | |
| 11/07/95 | Mann | 2.50 | O | 2.50 | |
| 11/07/95 | Haynes | 2.50 | O | 2.50 | |
| 11/08/95 | Mann | .50 | O | .50 | |
| 11/09/95 | Nix | 3.00 | S | 1.50 | Inadequate Description Unrelated/Clerical |

| Entry Date | Attorney | Hours Disputed | Ruling | Hours Allowed | Reason for Disallowance |
|------------|----------|----------------|--------|---------------|-------------------------|
| 11/14/95 | Haynes | 4.00 | O | 4.00 | |
| 11/16/95 | Haynes | 1.00 | O | 1.00 | |
| 11/16/95 | Haynes | 1.00 | O | 1.00 | |
| 11/16/95 | Haynes | 3.50 | S | 0 | Unrelated |
| 11/17/95 | Haynes | .50 | O | .50 | |
| 11/20/95 | Haynes | .75 | O | .75 | |
| 11/21/95 | Mann | 4.75 | O | 4.75 | |
| 11/23/95 | Mann | 4.00 | O | 4.00 | |
| 11/24/95 | Mann | 4.00 | O | 4.00 | |
| 11/25/95 | Mann | 8.00 | S | 0 | Unrelated/Excessive Inadequate Description |
| 11/26/95 | Mann | 2.00 | S | 0 | Excessive |
| 11/27/95 | Mann | 10.00 | S | 0 | Unrelated/Excessive |
| 11/28/95 | Mann | 8.00 | S | 0 | Unrelated/Excessive |

## Attachment "B"

### FEES OF THE CLERK

| Items Claimed | Amount | Disposition |
| --- | --- | --- |
| Copies of pleadings | $52.50 | Disallowed |
| Filing fee for cross-appeal | $105.00 | Disallowed |

### FEES FOR SERVICE OF SUMMONS & COMPLAINT

| Item Claimed | Amount | Disposition |
| --- | --- | --- |
| Filing fee summons & complaint | $120.00 | Allowed |

### FEES OF THE COURT REPORTER

| Items Claimed | Amount | Disposition |
| --- | --- | --- |
| Copy of trial transcript | $891.00 | Allowed |
| Appearance at motion docket | $125.00 | Disallowed |

### FEES & DISBURSEMENTS FOR PRINTING

| Items Claimed | Amount | Disposition |
| --- | --- | --- |
| Copy of video tape with regard to tour of Tyson Food, Inc.'s plaint provided to Marvin Stewart | $12.50 | Allowed |
| Copying of Dumas Investigation File produced by Defendant during depositions | $156.00 | Allowed |

| Items Claimed | Total Amount Claimed | Disposition |
|---|---|---|
| Evidentiary submission to support Motion to Compel Deposition Testimony of Max Dover | $204.84 | Disallowed |
| Binding (Kinko's) for Plaintiff's Motion to Compel Don Tyson's Deposition | $16.00 | Disallowed |
| Plaintiff's Evidentiary Submission in Opposition to Defendant's Motion for Summary Judgment | $418.82 | Disallowed |
| Plaintiff's Objection to Defendant's Motion for Summary Judgment | $46.34 | Disallowed |

## FEES FOR TRIAL WITNESSES

| Items Claimed | Total Amount Claimed | Disposition |
|---|---|---|
| Attendance fees for all witnesses | $2898.50 | Allowed |

## FEES FOR EXEMPLIFICATION & COPIES OF PAPERS NECESSARILY OBTAINED FOR USE IN CASE

| Items Claimed | Total Amount Claimed | Disposition |
|---|---|---|
| Plaintiff's Proposed Rule 26 Disclosure | $2.40 | Disallowed |
| Plaintiff's First Interrogatories & Request for Production | $6.40 | Disallowed |
| Plaintiff's Response to Defendant's Request for Production | $2.40 | Disallowed |

| Items Claimed | Total Amount Claimed | Disposition |
|---|---|---|
| Plaintiff's Second Request for Production of Documents | $1.60 | Disallowed |
| Plaintiff's Third Request for Production of Documents | $2.40 | Disallowed |
| Plaintiff's Motion to Compel Production of Documents | $4.80 | Disallowed |
| Plaintiff's Motion for Sanctions | $4.00 | Disallowed |
| Plaintiff's Motion for Video Inspection | $2.40 | Disallowed |
| Plaintiff's Fourth Request for Production of Documents | $1.60 | Disallowed |
| Plaintiff's Second Supplemental Rule 26 Disclosure | $1.60 | Disallowed |
| Plaintiff's Second Motion to Compel & for Sanctions | $10.40 | Disallowed |
| Plaintiff's Rule 36(b) 5 & 6 Deposition Notice | $3.20 | Disallowed |
| Plaintiff's Deposition Subpoenas | $6.80 | Disallowed |
| Plaintiff's Supplemental Rule 26 Disclosure | $1.60 | Disallowed |
| Plaintiff's Fifth Request for Production of Documents | $1.60 | Disallowed |
| Plaintiff's Motion to Compel Bromlow's Answers to Interrogatories & Request for Production of Documents | $7.20 | Disallowed |

43

| Items Claimed | Total Amount Claimed | Disposition |
|---|---|---|
| Plaintiff's Motion to Compel Deposition Testimony of Max Dover with Exhibit attached | $3.20 | Disallowed |
| Plaintiff's Motion for Sanctions with Exhibits attached | $7.20 | Disallowed |
| Plaintiff's Answers to Defendant's Interrogatories | $10.80 | Disallowed |
| Plaintiff's Response to Defendant's Motion for Order to Enjoin Misleading& Harassing Communications | $4.80 | Disallowed |
| Plaintiff's Third Rule 26 Disclosure | $1.20 | Disallowed |
| Plaintiff's Fourth Rule 26 Disclosure | $1.20 | Disallowed |
| Plaintiff's Fifth Rule 26 Disclosure | $1.20 | Disallowed |
| Plaintiff's Motion to Compel the Deposition of Don Tyson | $7.20 | Disallowed |
| Plaintiff's Sixth Request for Production of Documents | $3.20 | Disallowed |
| Plaintiff's Motion to Compel Deposition of Jimmy Bromblow | $2.40 | Disallowed |

| Items Claimed | Total Amount Claimed | Disposition |
|---|---|---|
| Plaintiff's Objection to Defendant's Motion to Quash Deposition Notices to Wayne Stutts & Gary Wayne Stutts | $3.20 | Disallowed |
| Plaintiff's Seventh Request for Production of Documents | $2.40 | Disallowed |
| Plaintiff's Response to Defendant's Motion for Protective Order Relative to Ongoing Investigation/Communicatio n | $4.00 | Disallowed |
| Plaintiff's Response to Defendant's Motion for Protective Order & to Enjoin Disclosure of Confidential Matters | $3.20 | Disallowed |
| Plaintiff's Motion to Compel Deposition Testimony of John Pittard | $8.80 | Disallowed |
| Plaintiff's Withdrawal of Second Supplemental Rule 26 | $4.20 | Disallowed |
| Plaintiff's Seventh Rule 26 Disclosure | $5.40 | Disallowed |
| Plaintiff's Eighth Request for Production of Documents | $1.20 | Disallowed |
| Plaintiff's Response to Defendant's Motion to Disallow & Motion to Strike | $36.80 | Disallowed |
| Proposed Pretrial Order | $7.00 | Allowed |

| Items Claimed | Total Amount Claimed | Disposition |
|---|---|---|
| Plaintiff's Motion to Compel Seventh Request for Production of Documents | $16.80 | Disallowed |
| Plaintiff's Objection to Defendant's Motion for Summary Judgment | $22.40 | Disallowed |
| Plaintiff's Disclosure of Expert Witness | $5.40 | Disallowed |
| Plaintiff's Proposed Exhibit List | $20.00 | Allowed |
| Plaintiff's Witness List | $10.40 | Allowed |
| Plaintiff's Objections to Exhibit & Witness Lists | $7.00 | Allowed |
| Plaintiff's Objections to Defendant Bromblow's Exhibits | $4.00 | Allowed |
| Plaintiff's Response in Partial Opposition to Defendant's Motion to Bar Expert Testimony | $12.00 | Disallowed |
| Plaintiff's Trial Subpoenas | $15.60 | Disallowed |
| Plaintiff's Response to Defendant's Motion to Dismiss | $16.80 | Disallowed |
| Plaintiff's Objections to Witness/Exhibit Lists re Dr. Beverly Thorn | $4.00 | Disallowed |

| Items Claimed | Total Amount Claimed | Disposition |
|---|---|---|
| Plaintiff's Supplemental Evidentiary Submission | $17.60 | Disallowed |
| Plaintiff's Motion in Limine | $7.20 | Disallowed |
| Plaintiff's Motion to Call & Lead Adverse Witnesses | $4.00 | Disallowed |
| 8.5 x 11 Specs 3 Hole Punched Tabs 2 Sets of 100 Trial Notebooks with all exhibits | $247.97 | Allowed |
| Enlarge/Mount Shacoh Bond Prints/Dry Mounting Foamcore Trial Exhibits | $415.37 | Allowed |
| 141 30 x 42 Bond Blow-ups Trial Exhibits | $1187.78 | Allowed |
| 15 color exhibits, laminated, Trial Exhibits; 1 set black & white copies for exhibits; 3 black & white exhibits 30 x 42, laminated | $1171.58 | Allowed |
| Voir Dire Questions | $5.60 | Allowed |
| Shacoh Bond prints, Trial Exhibits | $128.70 | Allowed |
| Holt Audio/Visual Video | $286.20 | Allowed |
| Drymounting 3 x 16" Foamcore, Shacoh Bond Prints, Trial Exhibits | $50.40 | Allowed |
| Oversize Aux. Mounting, Trial Exhibit | $57.02 | Allowed |
| Plaintiff's Objections to Tyson's Jury Charges | $6.40 | Allowed |

47

| Items Claimed | Total Amount Claimed | Disposition |
|---|---|---|
| Plaintiff's Objections to Tyson's Special Interrogatories | $2.40 | Allowed |
| Plaintiff's Proposed Special Interrogatories | $5.60 | Allowed |
| Plaintiff's Supplemental Proposed Jury Instructions | $8.00 | Allowed |
| Plaintiff's Proposed Jury Instructions | $36.00 | Allowed |
| Trial Exhibits and Deposition Exhibits | $550.00 | $275.00 Allowed |
| Plaintiff's Objection to Imposition of Statutory Cap | $3.20 | Disallowed |
| Plaintiff's Motion for Case Expenses with attachments | $72.40 | Allowed |
| Plaintiff's Interrogatories & Request for Production to Defendants' Counsel re billable time | $2.40 | Allowed |
| Plaintiff's Response to Tyson's Motion to Alter, Amend or Vacate Judgment with regard to Sherri Knight | $4.00 | Allowed |
| Plaintiff's Objection to Tyson's Motion for Judgment | $6.40 | Allowed |
| Rule 45 Subpoena Fees to Torbert & Torbert and Gilker & Jones with regard to Discovery on Attorney fees and expenses | $90.00 | Allowed |

| Items Claimed | Total Amount Claimed | Disposition |
|---|---|---|
| Plaintiff's Motion to Hold Don Tyson in Contempt | $8.80 | Disallowed |
| Plaintiff's Motion to Conduct Discovery on Attorney Fee Issue & Motion to Compel | $9.60 | Disallowed |
| Plaintiff's Response to Torbert's Objection to Subpoena | $2.40 | Disallowed |
| Plaintiff's Response to Tyson's Response to Preliminary Injunction | $2.40 | Disallowed |
| Plaintiff's Response to Tyson's Request to Investigate Contempt of Don Tyson | $2.40 | Disallowed |
| Plaintiff's Response to Defendant's Interrogatories & Request for Production of Documents | $11.20 | Allowed |
| Alicia K. Haynes' Response to Defendant's Subpoena | $24.00 | Allowed |
| Larry R. Mann's Response to Defendant's Subpoena | $5.60 | Allowed |
| Plaintiff's Response to Tyson's Response to Plaintiff's Motion to Engage in Discovery | $4.00 | Allowed |

## COSTS INCIDENT TO TAKING DEPOSITIONS

| Items Claimed | Amount | Disposition |
|---|---|---|
| All deposition attendance/mileage fees for deponents who testified at trial | $428.50 | Allowed |
| Deposition fees for all deponents who testified at trial | $11,045.55 | Allowed |

## OTHER COSTS

| Items Claimed | Amount | Disposition |
|---|---|---|
| Expert Witness Fee | $4577.00 | Disallowed |
| Mediation Fee | $78.12 | Allowed |
| Westlaw Research | $155.43 | Disallowed |
| Costs of Service of Subpoenas | $3155.16 | Allowed |
| U.S. Marshal Fee to Serve Injunction on Tyson Foods, Inc. | $70.60 | Allowed |
| Professional Services of Mark McKnight, Esq. | $500.00 | Allowed |

**TOTAL AMOUNT ALLOWED: $23,508.35**